Dear Mr. Baquet:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 Does the City of Ville Platte, as a Lawrason Act municipality, have the authority to adopt an ordinance that prohibits loitering by minors in public places, and punishes the parents of such minors for violations of the ordinance?
Title 33 of the Louisiana Revised Statutes contains the collection of statutes known as the Lawrason Act (33:321 etseq.), which sets forth specific statutory provisions by which a municipality may be incorporated. The officers of a municipality incorporated under the Lawrason Act, such as Ville Platte, have only the powers that are granted to them under these provisions. La. R.S. 33:361 states, in pertinent part:
 A. Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.
This language clearly reflects the legislative intent that municipalities have very broad powers. In fact, municipalities have all powers that are not specifically denied by other statutory or constitutional provisions. La. R.S. 14:92.2
implicitly recognizes the power of a municipality to regulate loitering by making it a criminal offense for a parent or legal custodian, through criminal negligence, to permit a minor to violate a local municipal curfew ordinance. However, a survey of Louisiana law reveals the following relevant statutory limitations on the authority of a municipality:
 1) La. R.S. 14:143 — "No governing authority of a political subdivision shall enact an ordinance defining as an offense conduct that is defined and punishable as a felony under state law."
 2) La. Const., Art. VI, § 9 — "No local governmental subdivision shall (1) define and provide for the punishment of a felony; or (2) except as provided by law, enact an ordinance governing private or civil relationships."
These limitations have been affirmed as valid by the Louisiana Supreme Court. See City of Baton Rouge v.Ross, 94-0695 (La. 4/28/95), 654 So.2d 1311. In Attorney General Opinion No. 77-1243, this office held that principles of sovereignty dictate that any municipal ordinance which conflicts with a state law is invalid. Thus, in summary, a municipal ordinance may neither define conduct that is punishable as a felony under state law, nor may it attempt to preempt state law.
La. R.S. 33:361 states that a municipality must exercise its powers in accordance with constitutional provisions, as well as statutory ones. This office has previously held that a juvenile curfew ordinance is constitutionally permissible if it is specific in its prohibition so that it gives definite and ascertainable standards that can be understood by everyone,and if it is enacted to cure demonstrable social evils (not simply to regulate activities of young people for the convenience of local authorities). See Attorney General's Opinion No. 77-257. However, this office expresses no opinion on whether the proposed Ville Platte ordinance is constitutionally valid on other grounds.
Therefore, it is the opinion of this office that the City of Ville Platte has authority, under the Lawrason Act, to adopt an ordinance that prohibits loitering by minors, and punishes the parents of such minors for violations of the ordinance. This ordinance, however, must be in accordance with statutory and constitutional provisions, and may not define conduct that is punishable as a felony under state law, nor may it attempt to preempt state law.
I hope this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ ROBERT L. ODINET Assistant Attorney General
RECEIVED: January 30, 1998 RELEASED:
Robert L. Odinet Assistant Attorney General